UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and MESSIAH YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| CITY OF ATLANTA, GEORGIA; KEISHA LANCE BOTTOMS, in her individual and official capacity as the Mayor of the City of Atlanta; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual Capacity; CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION  FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

**DEFENDANT STEVEN MCKESEY'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DAMAGES**

COMES NOW, Defendant Steven McKesey, and hereby submits his answer and defenses to Plaintiffs' Complaint for Damages ("Complaint"), showing the Court as follows:

## FIRST DEFENSE

Some or all of the Complaint fails to state a claim against this Defendant upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged Section 1983 claims are barred because Plaintiff has failed to plead same with the specificity required to state a cause of action.

## THIRD DEFENSE

The claims and allegations in the Complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional tort.

## FOURTH DEFENSE

Defendant shows that Plaintiffs were not deprived of any constitutionally-protected rights, nor did Defendant violate the rights of Plaintiffs under any provisions of or amendments to the United States Constitution, any other United States laws, any provisions of or amendments to the Georgia Constitution, or any other Georgia laws.

## FIFTH DEFENSE

The alleged injuries and damages sustained by Plaintiffs resulted solely from the voluntary and intentional conduct of Plaintiffs, and not from any conduct of Defendant.

## SIXTH DEFENSE

Any force used was justified because Plaintiffs initiated and exhibited violent behavior so as to be a danger to themselves, Defendant and/or others.

## SEVENTH DEFENSE

Defendant did not breach any duty he may have owed to Plaintiffs based upon the allegations contained in the Complaint.

## EIGHTH DEFENSE

All applications of force were reasonable under the totality of the circumstances.

## NINTH DEFENSE

As to Plaintiffs' federal claim against this Defendant, this Defendant shows that under all of the facts and circumstances, his conduct was discretionary in nature, was not in violation of any clearly established constitutional right of which a reasonable officer would have had fair warning, and was likewise objectively reasonable, thereby entitling him to qualified immunity.

## TENTH DEFENSE

Plaintiffs' alleged claims for excessive force are barred because Plaintiffs have failed to allege and cannot show that any actions of this Defendant with regard to Plaintiffs was unreasonable or in bad faith.

## ELEVENTH DEFENSE

As to Plaintiffs' state-law claims against this Defendant, sued in his individual capacity, this Defendant shows that all of his alleged actions or inactions with respect to Plaintiffs were carried out in the good faith performance of his official, discretionary duties and without actual malice. Accordingly, this Defendant is entitled to official immunity under Georgia law.

## TWELLFTH DEFENSE

Defendant asserts any and all affirmative defenses set forth in Rule 8(c)(1) of the Federal Rules of Civil Procedure that are or may hereafter be applicable to this action.

## THIRTEENTH DEFENSE

Defendant reserves the right to plead and prove such other defenses as may become known to him during the course of the investigation and discovery.

## INTRODUCTION

1.

Defendant McKesey generally admits the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

Defendant McKesey generally admits the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

3.

Defendant McKesey generally admits the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendant McKesey admits Mayor Bottoms imposed a curfew but denies as pled the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendant McKesey denies as pled the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## PARTIES AND JURISDICTION

6.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.

Defendant McKesey admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendant McKesey admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant McKesey admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendant McKesey admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendant McKesey denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendant McKesey admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant McKesey admits the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.

Defendant McKesey admits the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.

Defendant McKesey admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.

Defendant McKesey admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.

Defendant McKesey admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendant McKesey admits the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant McKesey admits the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant McKesey admits the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendant McKesey admits the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendant McKesey denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

26.

Defendant McKesey generally admits the language alleged appears in the alleged Executive Order.

27.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 27 of Plaintiffs' Complaint, except he generally admits the language alleged appears in the alleged Executive Order.

28.

Defendant McKesey generally admits a city-wide curfew was imposed on May 30, 2020, but denies as pled the remaining allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.

Defendant McKesey denies as pled the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendant McKesey generally admits the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

Defendant McKesey generally admits the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.

Defendant McKesey generally admits the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.

Defendant McKesey denies the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendant McKesey denies as pled the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendant McKesey denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendant McKesey admits that an officer approached the driver's side of the vehicle and ordered him to move forward and leave the area, but otherwise denies the remaining allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Defendant McKesey denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

Defendant McKesey denies as pled the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.

Defendant McKesey denies as pled the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Defendant McKesey denies as pled the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Defendant McKesey denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

Defendant McKesey admits only that the officers had Plaintiffs contained, but denies as pled the remaining allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

Defendant McKesey denies as pled the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.

Defendant McKesey denies as pled the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.

Defendant McKesey admits only that a Taser was deployed against Plaintiff Pilgrim and that Plaintiff Young attempted to pull out the probes, but denies the remaining allegations in Paragraph 50 of Plaintiffs' Complaint.

51.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.

Defendant McKesey admits only that the driver side window was broken, but denies as pled the remaining allegations in Paragraph 52 of Plaintiffs' Complaint.

-13-

53.

Defendant McKesey admits only that a Taser was deployed against Plaintiff Young, but denies as pled the remaining allegations in Paragraph 53 of Plaintiffs' Complaint.

54.

Defendant McKesey denies as pled the allegations contained in Paragraph 54 of Plaintiffs' Complaint.

55.

Defendant McKesey admits only that a Taser was deployed against Plaintiff Young, but denies as pled the remaining allegations in Paragraph 55 of Plaintiffs' Complaint.

56.

Defendant McKesey admits that officers attempted to remove Plaintiff Young from the vehicle, but denies as pled the remaining allegations in Paragraph 56 of Plaintiffs' Complaint.

57.

Defendant McKesey denies as pled the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.

Defendant McKesey denies as pled the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.

Defendant McKesey denies as pled the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.

Defendant McKesey admits only that Plaintiffs were detained, but denies as pled the remaining allegations in Paragraph 60 of Plaintiffs' Complaint.

61.

Defendant McKesey denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.

Defendant McKesey denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.

Defendant McKesey admits the Mayor made certain remarks at a press conference, but denies the remaining allegations in Paragraph 65 of Plaintiffs' Complaint.

66.

Defendant McKesey denies the allegations in Paragraph 66 of Plaintiffs' Complaint as pertaining to him.

67.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.

Defendant McKesey admits only that the officers were fired, but denies as pled the remaining allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.

Defendant McKesey admits only that Sauls was reprimanded, but is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 75 of Plaintiffs' Complaint regarding Claud, and denies there was an unlawful seizure and use of force.

76.

Defendant McKesey is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.

Defendant McKesey denies the allegations in Paragraph 77 of Plaintiffs' Complaint as pertaining to him.

## **COUNT I**

### **Plaintiffs' fourth and Fourteenth Amendment Unlawful Seizure Claims against Defendants Lonnie Hood, Mark Gardner, Ivory Streeter, Armon Jones, Willie Sauls, Jr., Roland Claud, and John Doe Officers 1-2.**

78.

In response to Paragraph 78 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 77 as if fully set forth herein.

79.

Paragraph 79 makes no allegations pertaining to Defendant McKesey.

80.

Paragraph 80 makes no allegations pertaining to Defendant McKesey.

81.

Paragraph 81 makes no allegations pertaining to Defendant McKesey.

82.

Paragraph 82 makes no allegations pertaining to Defendant McKesey.

83.

Paragraph 83 makes no allegations pertaining to Defendant McKesey.

## **COUNT II**

### **Plaintiffs' Fourth Amendment Excessive Force Claims against Defendants Lonnie Hood, Mark Gardner, Ivory Streeter, and Armon Jones**

84.

In response to Paragraph 84 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 83 as if fully set forth herein.

85.

Defendant McKesey denies the allegations in Paragraph 85 of Plaintiffs' Complaint as pertaining to him.

86.

Defendant McKesey denies the allegations in Paragraph 86 of Plaintiffs' Complaint as pertaining to him.

87.

Defendant McKesey denies the allegations in Paragraph 87 of Plaintiffs' Complaint as pertaining to him.

88.

Defendant McKesey denies the allegations in Paragraph 88 of Plaintiffs' Complaint as pertaining to him.

89.

Defendant McKesey denies the allegations in Paragraph 89 of Plaintiffs' Complaint as pertaining to him.

90.

Defendant McKesey denies the allegations in Paragraph 90 of Plaintiffs' Complaint as pertaining to him.

91.

Defendant McKesey denies the allegations in Paragraph 91 of Plaintiffs' Complaint as pertaining to him.

## **COUNT III**

### **Plaintiffs' Fourth Amendment Claims for Failure to Intervene against Defendants Carlos Smith, Steven McKesey, Sheldon Drinkard, Willie Sauls, Jr., Roland Claud, and John Doe Officers 3-10**

92.

In response to Paragraph 92 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 91 as if fully set forth herein.

93.

Defendant McKesey denies as pled the allegations of Paragraph 93 of Plaintiffs' Complaint.

94.

Defendant McKesey denies the allegations of Paragraph 94 of Plaintiffs' Complaint.

95.

Defendant McKesey denies the allegations of Paragraph 95 of Plaintiffs' Complaint.

96.

Defendant McKesey denies the allegations of Paragraph 96 of Plaintiffs' Complaint.

97.

Defendant McKesey denies the allegations of Paragraph 97 of Plaintiffs' Complaint.

## **COUNT IV**

### **First Amendment Retaliation Claims against Defendant Lonnie Hood**

98.

In response to Paragraph 98 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 97 as if fully set forth herein.

99.

Paragraph 99 makes no allegations pertaining to Defendant McKesey.

100.

Paragraph 100 makes no allegations pertaining to Defendant McKesey.

101.

Paragraph 101 makes no allegations pertaining to Defendant McKesey.

102.

Paragraph 102 makes no allegations pertaining to Defendant McKesey.

103.

Paragraph 103 makes no allegations pertaining to Defendant McKesey.

104.

Paragraph 104 makes no allegations pertaining to Defendant McKesey.

## COUNT V

### § 1983 Supervisory Claims against Defendant Lonnie Hood

105.

In response to Paragraph 105 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 104 as if fully set forth herein.

106.

Paragraph 106 makes no allegations pertaining to Defendant McKesey.

107.

Paragraph 107 makes no allegations pertaining to Defendant McKesey.

108.

Paragraph 108 makes no allegations pertaining to Defendant McKesey.

109.

Paragraph 109 makes no allegations pertaining to Defendant McKesey.

110.

Paragraph 110 makes no allegations pertaining to Defendant McKesey.

111.

Paragraph 111 makes no allegations pertaining to Defendant McKesey.

## COUNT VI

## § 1983 Claims against Mayor Keisha Lance Bottoms and the City of Atlanta based on Executive Order 2020-92

112.

In response to Paragraph 112 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 111 as if fully set forth herein.

113.

Paragraph 113 makes no allegations pertaining to Defendant McKesey.

114.

Paragraph 114 makes no allegations pertaining to Defendant McKesey.

115.

Paragraph 115 makes no allegations pertaining to Defendant McKesey.

116.

Paragraph 116 makes no allegations pertaining to Defendant McKesey.

117.

Paragraph 117 makes no allegations pertaining to Defendant McKesey.

118.

Defendant McKesey denies the allegations of Paragraph 118 of Plaintiffs'
Complaint.

119.

Defendant McKesey denies the allegations of Paragraph 119 of Plaintiffs'
Complaint.

120.

Paragraph 120 makes no allegations pertaining to Defendant McKesey.

121.

Paragraph 121 makes no allegations pertaining to Defendant McKesey.

122.

Defendant McKesey denies the allegations of Paragraph 122 of Plaintiffs'
Complaint.

123.

Defendant McKesey denies as pled the allegations of Paragraph 123 of
Plaintiffs' Complaint.

## **COUNT VII**

### **§ 1983 Excessive Force Claims against Defendant City of Atlanta**

124.

In response to Paragraph 124 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 123 as if fully set forth herein.

125.

Paragraph 125 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

126.

Paragraph 126 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

127.

Paragraph 127 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

128.

Paragraph 128 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

129.

Paragraph 129 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

130.

Paragraph 130 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

131.

Paragraph 131 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

132.

Paragraph 132 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

133.

Paragraph 133 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

134.

Paragraph 134 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

135.

Paragraph 135 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

136.

Paragraph 136 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

## **COUNT VIII**

### **§ 1983 Claims against Defendant City of Atlanta for Failure to Train and/or Supervise APD Officers**

137.

In response to Paragraph 137 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 136 as if fully set forth herein.

138.

Paragraph 138 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

139.

Paragraph 139 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

140.

Paragraph 140 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

141.

Paragraph 141 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

142.

Paragraph 142 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

143.

Paragraph 143 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

144.

Defendant McKesey denies the allegations of Paragraph 144 of Plaintiffs' Complaint.

145.

Paragraph 145 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

146.

Defendant McKesey denies the allegations of Paragraph 146 of Plaintiffs' Complaint.

147.

Paragraph 147 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

148.

Paragraph 148 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

149.

Paragraph 149 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

150.

Paragraph 150 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

151.

Paragraph 151 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

152.

Paragraph 152 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

153.

Defendant McKesey denies the allegations of Paragraph 153 of Plaintiffs' Complaint.

154.

Paragraph 154 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies use of excessive force with relation to Plaintiffs.

## COUNT IX

### State Law Claims for Assault and Battery against
### Defendants Hood, Gardner, Streeter, Jones, Sauls, and Claud

155.

In response to Paragraph 155 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 154 as if fully set forth herein.

156.

Paragraph 156 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

157.

Paragraph 157 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

158.

Paragraph 158 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

## **COUNT X**

### **State Law Claims for Trespass to Property against Defendants Sauls and Claud**

159.

In response to Paragraph 159 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 158 as if fully set forth herein.

160.

Paragraph 160 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

161.

Paragraph 161 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

162.

Paragraph 162 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

## **COUNT XI**

### **State Law Claims for False Imprisonment and/or False Arrest against Defendants Hood, Gardner, Streeter, Jones, Sauls, Claud, and John Does 1-2**

163.

In response to Paragraph 163 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 162 as if fully set forth herein.

164.

Paragraph 164 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

165.

Paragraph 165 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

166.

Paragraph 166 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

## **COUNT XII**

### **State Law Claims for Willful Misrepresentation of Material Fact and Deceit against Defendant Carlos Smith**

167.

In response to Paragraph 167 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 166 as if fully set forth herein.

168.

Paragraph 168 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

169.

Paragraph 169 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

170.

Paragraph 170 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

171.

Paragraph 171 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

172.

Paragraph 172 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

173.

Paragraph 173 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

174.

Paragraph 174 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

175.

Paragraph 175 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

176.

Paragraph 176 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

177.

Paragraph 177 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

178.

Paragraph 178 makes no specific allegations pertaining to Defendant McKesey, but Defendant McKesey denies any wrongful act with relation to Plaintiffs.

## COUNT XIII

### Punitive Damages against the individual Defendants

179.

In response to Paragraph 179 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 178 as if fully set forth herein.

180.

Defendant McKesey denies that allegations of Paragraph 180 of Plaintiffs' Complaint.

181.

Defendant McKesey denies that allegations of Paragraph 181 of Plaintiffs' Complaint.

182.

Defendant McKesey denies that allegations of Paragraph 182 of Plaintiffs' Complaint.

## COUNT XIV

### Attorney's Fees

183.

In response to Paragraph 183 of Plaintiffs' Complaint, Defendant McKesey hereby incorporates his Answers and Defenses as set forth in Paragraphs 1 through 182 as if fully set forth herein.

184.

Defendant McKesey denies that allegations of Paragraph 184 of Plaintiffs' Complaint.

In further response to Plaintiffs' Complaint, Defendant McKesey denies each and every claim or allegation not previously responded to herein.  Further, Defendant McKesey denies that Plaintiffs are entitled to any of the relief set forth in its ad damnum clause to include Paragraphs (a) through (d).

WHEREFORE, having fully listed Defendant McKesey's defenses and having fully answered Plaintiffs' Complaint, Defendant McKesey prays as follows:

(a)    That judgment be entered in favor of Defendant Steven McKesey and against Plaintiffs on the Complaint;

(b)    That the costs of this action, including attorney fees, be cast against Plaintiffs; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

Respectfully this 12th day of July, 2021.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

_____

Thomas M. Mitchell
Georgia Bar No. 513597
Attorneys for Defendant Steven McKesey

1809 Buford Highway
Buford, GA  30518
(770) 932-3552
(770) 932-6348 FAX
Email:  thomas.mitchell@carmitch.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>KEISHA LANCE BOTTOMS, in her<br>individual and official capacity as the<br>Mayor of the City of Atlanta; LONNIE<br>HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 1:21-cv-02472-TWT |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**DEFENDANT STEVEN MCKESEY'S ANSWER AND DEFENSES TO**

**PLAINTIFFS' COMPLAINT FOR DAMAGES** to the Clerk of Court using the

-41-

CM/ECF system which will automatically send electronic mail notification of such

filing to counsel of record who are CM/ECF participants.  Counsel of record are:

Harold W. Spence, Esq.
Mawuli M. Davis, Esq.
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway
Suite 332
Decatur, GA  30034
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

L. Chris Stewart, Esq.
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA  3308
cstewart@smstrial.com

I further certify pursuant to L.R. 7.1D that the above-titled document complies

with L.R. 5.1B and was prepared using a 14 point Times New Roman font.

This 12th day of July, 2021.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*
_____
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendant Steven
McKesey

1809 Buford Highway
Buford, GA  30518
T:  (770) 932-3552

-42-