UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANIYAH PILGRIM and MESSIAH YOUNG, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) |
| CITY OF ATLANTA, GEORGIA; MAYOR KEISHA LANCE-BOTTOMS; LONNIE HOOD; MARK GARDNER; IVORY STREETER; ARMON JONES; WILLIE T. SAULS, JR.; ROLAND CLAUD; CARLOS SMITH; STEVEN MCKESEY; SHELDON DRINKARD; and JOHN DOE OFFICERS 1-10, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

CIVIL ACTION NO.
1:21-cv-02472-TWT

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE EXTRINSIC MATERIALS FILED IN SUPPORT OF DEFENDANTS CITY OF ATLANTA AND MAYOR BOTTOMS' MOTION TO DISMISS**

**COME NOW** Plaintiffs in the above-captioned civil action, by and through their undersigned counsel of record and hereby file their brief in support of their Motion to Strike the new arguments and extrinsic materials filed by Defendants City of Atlanta and Mayor Bottoms (Doc. 71-1) as an exhibit to their Reply Brief filed in support of their Motion to Dismiss (Doc. 47), showing this Honorable Court that said

arguments and materials should be disregarded and excluded from consideration when adjudicating Defendants' Motion to Dismiss.

In support of their Motion to Dismiss, Defendants City of Atlanta and Mayor Bottoms filed two "photographs" as Exhibit A to their Reply Brief (Doc. 71-1) which purport to depict screenshots of video footage from a body camera worn by Defendant Streeter. Defendants rely on these extrinsic materials to support a new argument improperly raised for the first time in their Reply — that the defendant officers had probable cause to seize and arrest Plaintiffs for using a cell phone to film police activities in violation of O.C.G.A. § 40-6-241, and that Plaintiffs' seizures were thus lawful and cannot be attributed to enforcement of the curfew pursuant to Mayor Bottoms' unconstitutional executive order. Doc. 71 at 7. These arguments and materials are not referenced in Defendants' initial brief and should be stricken because they were raised for the first time in reply[1] and further because Defendant Streeter's body camera video footage (or any screenshots purporting to depict the same) was not attached to or referenced anywhere in the Complaint and are not "central" to any of the claims asserted therein.[2]

---

[1] Courts "cannot consider arguments raised for the first time in a reply brief." *Kellner v. NCL (Bahamas), Ltd.*, 753 Fed. Appx. 662, 667 (11th Cir. 2018).

[2] The Court is not authorized to consider extrinsic evidence attached to a motion to dismiss unless the document is "(1) central to the plaintiff's claim and (2)

2

Moreover, contrary to Defendants' new argument otherwise, Plaintiff Young did not violate O.C.G.A. § 40-6-241 by using his cell phone to film police activities while inside his vehicle. O.C.G.A. § 40-6-241(c) unambiguously provides that its provisions only apply on <u>state highways</u>, not on the city streets where Plaintiff Young was filming the police. Doc. 1 ¶¶ 30-40. Other than Plaintiff Young's filming of police activity, Defendants make no effort to offer any other explanation as to why the officers seized and arrested Plaintiffs. Defendants' misplaced reliance on O.C.G.A. § 40-6-241 in this regard only serves to further support Plaintiffs' allegations that the defendant officers seized and arrested Plaintiffs without probable cause and solely in retaliation for Plaintiff Young's exercise of his First Amendment rights in recording APD officers enforcing the curfew. *See Toole v. City of Atlanta,* 798 F. App'x 381 (11th Cir. 2019).

When properly construed in the light most favorable to Plaintiffs, these materials reflect that Plaintiff Young was lawfully exercising his First Amendment rights by using his cell phone to silently film police activities while seated inside his vehicle; that Plaintiffs' vehicle was lawfully stopped in heavy traffic behind the vehicle ahead; that Plaintiff Young was filming while keeping a proper lookout for the vehicle ahead to begin moving; and that Plaintiffs were not committing any

---

undisputed. . . . mean[ing] that the authenticity of the document is not challenged." *Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir. 2005).

crime, being disruptive, posing any danger, or in any manner impeding any officer from continuing to carry out their duties to enforce the mayor's citywide curfew. Said materials do not contradict and are not central to any of the claims asserted therein.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that the Court STRIKE the extrinsic materials filed by the City and Mayor Bottoms when adjudicating said Defendants' Motion to Dismiss which Plaintiffs respectfully submit should be denied, and for such other relief as the Court deems just and proper.

The undersigned, in accordance with L.R. 7.1 and 5.1(C), hereby certifies that the type font used herein is 13-Point Book Antigua font.

This 12th day of <u>November</u>, 2021

<u>/s/ Dianna J. Lee</u>
L. Chris Stewart
Georgia Bar No. 142289
Dianna J. Lee
Georgia Bar No. 163391

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
(470) 344-6719 fax
cstewart@smstrial.com
dlee@smstrial.com
*Counsel for Plaintiffs*

                                  /s/ Harold W. Spence
Harold W. Spence
Georgia Bar No. 671150
Mawuli M. Davis, Esq.
Georgia Bar No. 212029

**DAVIS BOZEMAN LAW FIRM, P.C.**
4153 – C Flat Shoals Parkway
Suite 332
Decatur, Georgia 30034
404-244-2004
404-244-2020 (fax)
hspence@davisbozemanlaw.com
mdavis@davisbozemanlaw.com

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE EXTRINSIC MATERIALS FILED IN SUPPORT OF DEFENDANTS CITY OF ATLANTA AND MAYOR BOTTOMS' MOTION TO DISMISS with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record registered with the CM/ECF system.

This 12th day of November, 2021.

/s/ Dianna J. Lee
L. Chris Stewart
Georgia Bar No. 142289
Dianna J. Lee
Georgia Bar No. 163391

**STEWART MILLER SIMMONS TRIAL ATTORNEYS**
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, Gerogia 30308
(844) 874-2500 main
(470) 344-6719 fax
cstewart@smstrial.com
jmiller@smstrial.com
dlee@smstrial.com
*Counsel for Plaintiffs*