IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA; KEISHA LANCE BOTTOMS, in her individual and official capacity as the Mayor of the City of Atlanta; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual capacity, CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

**DEFENDANT CITY OF ATLANTA, GEORGIA'S
INITIAL DISCLOSURES**

1.   If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

*Not applicable.*

2.   Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

*None.*

3.   Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

a. *The available body worn cameras and expected witness testimony will demonstrate that there was no excessive force, that the officers had probable cause to arrest the plaintiffs, and that intervention was an inapplicable option.*

b. *The City of Atlanta's use of force investigations were lawfully sufficient and do not establish liability against the City of Atlanta.*

    c. *The alleged use of force investigations are not temporally related to the use of force in this lawsuit. The cited past incidents do not show any infirm custom or practice, nor was there a widespread and routine use of excessive force.*

    d. *The past incidents cited by Plaintiffs do not show that there was a failure to train or supervise on the issue of intervening. There is no evidence that any failure to train or supervise was the moving force behind the subject incident.*

4. Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

    a. *42 U.S.C. § 1983 provides a cause of action for Plaintiff against the City of Atlanta.*

    b. *Monell v. New York Dept. of Social Services, 436 U.S. 658 (1978) states the standard for municipal liability under 42 U.S.C. § 1983. The Monell case, along with supporting and subsequent cases, set out liability based on a municipality's policy or custom. An offending custom or policy must be the "moving force" behind the constitutional violation.*

    c. *Khoury v. Miami-Dade County School Board, 4 F. 4th 1118 (11th Cir. 2021) holds that three years between the last identified incident and the*

3

*date of loss is too remote. Numerous other cases, cited in the City's Brief in Support of Motion to Dismiss, show the temporal proximity required between cited past incidents and the incident at issue.*

d. *Gold v. City of Miami, 151 F.3d 1346 (11th Cir. 1998) and supporting case law set the standard for finding a municipality liable for the failure to train or supervise. For municipal liability, there must be: (1) inadequate training or supervising of the employees; (2) the failure is a policy; and (3) the policy causes the violation of a citizen's constitutional rights.*

e. *Mingo v. City of Mobile, Ala., 592 Fed. Appx. 793, 799-800 (11th Cir. 2014) states that deliberate indifference for a failure to train or supervise claim can be established in two ways: "by showing a widespread pattern of similar constitutional violations by untrained employees or by showing that the need for training was so obvious that a municipality's failure to train its employees would result in a constitutional violation."*

f. *Brooks v. Scheib, 813 F.2d 1191 (11th Cir. 1987) requires a plaintiff to establish that prior incidents have merit. Solely the number of complaints does not establish validity.*

g. *City of Canton v. Harris, 489 U.S. 378 (1989) and its progeny note a very narrow rule that a failure to train may result in liability for the City*

*without a pattern of violations only when the constitutional violation was so obvious that it would dispense the need to show a pattern of violations.*

h. *Randall v. Prince George's County, 302 F.3d 188, 204 (4th Cir. 2002) outlines the liability of a police officer for failing to intervene: a police officer may be subjected to bystander liability only "if he (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act."*

i. *Sewell v. Town of Lake Hamilton, 17 F.3d 488, 490 (11th Cir. 1997) holds that an agency is not required to train an officer to act a certain way or not act a certain way that is contrary to existing law.*

5. Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

*See Attachment A.*

6. Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a

5

separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

*None identified at present. This will be supplemented if it becomes applicable.*

7. Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

*See Attachment C.*

8. In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

*Not applicable other than costs awarded by the Court.*

9. If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

*None.*

10. Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)

*Not applicable.*

Respectfully submitted this 28th day of April, 2022.

|  |  |
|---|---|
| | **HALL BOOTH SMITH, P.C.** |
| | */s/ R. David Ware* |
| | */s/ Phillip E. Friduss* |
| 191 Peachtree Street. N.E. | R. DAVID WARE |
| Suite 2900 | Georgia Bar No. 737756 |
| Atlanta, Georgia 30303 | PHILLIP E. FRIDUSS |
| Tel: (404) 954-5000 | Georgia Bar No. 277220 |
| Fax: (404) 954-5020 | NICHOLAS A. KINSLEY |
| Email: dware@hallboothsmith.com | Georgia Bar No. 273862 |
| pfriduss@hallboothsmith.com | |
| nkinsley@hallboothsmith.com | *Counsel for Defendant City of Atlanta, Georgia* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA, GEORGIA; KEISHA LANCE BOTTOMS, in her individual and official capacity as the Mayor of the City of Atlanta; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual capacity, CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:21-CV-02472-TWT |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **CITY OF ATLANTA, GEORGIA'S INITIAL DISCLOSURES** upon all parties to this matter by electronically filing the same with the Clerk of Court through the

8

electronic E-file system, which will automatically send an e-mail notification of such filing to the following attorneys of record as follows:

Larry Christopher Stewart, Esq.
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., NW
Suite 700
Atlanta, Georgia 30308
cstewart@stewarttrial.com

Thomas E. Mitchell
Carothers & Mitchell, LLC
1809 Buford Highway
Buford, Georgia 30518
thomas.mitchell@carmitch.com

Mawuli Melvyn Malcolm Davis, Esq.
Harold W. Spence, Esq.
Davis Bozeman Law Firm, PC
4153-C Flat Shoals Parkway, Ste. 332
Decatur, Georgia 30034
mdavis@davisbozemanlaw.com
hspence@davisbozemanlaw.com

This the 28th day of April, 2022.

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Telephone: (404) 954-5000
Facsimile: (404) 954-5020
Email: nkinsley@hallboothsmith.com

**HALL BOOTH SMITH, P.C.**

*/s Nicholas A. Kinsley*
NICHOLAS A. KINSLEY
Georgia Bar No. 273862

*Attorney for Defendant, City of Atlanta, Georgia*