UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and MESSIAH YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| CITY OF ATLANTA, GEORGIA; KEISHA LANCE BOTTOMS, in her individual and official capacity as the Mayor of the City of Atlanta; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual capacity; CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION  FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENAS TO PRODUCE DOCUMENTS IN A CIVIL ACTION

TO:  Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 Flat Shoals Pkwy., Suite 332
Decatur, GA 30034

Pursuant to Federal Rule of Civil Procedure 45(a)(4), Defendants hereby give notice of their intent to serve subpoenas for production of documents upon the following:

1.   Piedmont Atlanta Hospital – Taniyah Pilgrim
2.   Piedmont Atlanta Hospital – Messiah Young
3.   Dr. Marcus Q. Polk – Taniyah Pilgrim
4.   Dr. Andrew Francis – Taniyah Pilgrim
5.   Dr. Said Elshihabi – Taniyah Pilgrim
6.   Dr. James Waddell, et al. – Taniyah Pilgrim
7.   Grady Memorial Hospital – Taniyah Pilgrim
8.   Grady Memorial Hospital – Messiah Young
9.   Dr. Gregory Lunceford – Taniyah Pilgrim
10.  Emory Decatur Hospital – Taniyah Pilgrim
11.  Emory Decatur Hospital – Messiah Young
12.  Visionary Minds, Inc. – Messiah Young
13.  DeKalb Neurology Group, LLC – Messiah Young
14.  American Health Imaging – Messiah Young
15.  Georgia Pain and Spine Solutions – Messiah Young

This 19th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

_____

Thomas M. Mitchell
Georgia Bar No. 513597
Attorneys for Defendants

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX
Email: thomas.mitchell@carmitch.com

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Piedmont Atlanta Hospital
1968 Peachtree Rd., NW
Atlanta, GA 30309

ATTN: Medical and billing Records Custodian

Re:     Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
          U.S.D.C. for the Northern District of Georgia
          Civil Action File No. 1:21-cv-02472-TWT

          Your Patient:       **Taniyah Pilgrim**
          Date of Birth:       January 31, 2000
          Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request….

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▼

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Piedmont Atlanta Hospital
1968 Peachtree Rd. NE
Atlanta, GA 30309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8\18\22

| CLERK OF COURT | OR | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:     Certified Mail

on *(date)*                                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                          .

My fees are $                          for travel and $                          for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date:   8\18\22

Server's signature

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA 30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and MESSIAH YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| CITY OF ATLANTA, GEORGIA; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual Capacity; CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY PIEDMONT ATLANTA HOSPITAL

TO:   Piedmont   Atlanta   Hospital
ATTN:  Medical and billing Records Custodian
1968 Peachtree Rd., NW
Atlanta, GA  30309

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY PIEDMONT ATLANTA HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
)
    Plaintiffs, )
)
CITY OF ATLANTA, GEORGIA; ) CIVIL ACTION
LONNIE HOOD, in his individual and ) FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
)
    Defendants. )

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM: **Piedmont Atlanta Hospital**
       **(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Piedmont Atlanta Hospital as follows:

Please indicate the appropriate response below:

(   ) Copies of the requested materials have been attached.

(   ) The materials requested will be produced at the designated address.

(   ) The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**PIEDMONT ATLANTA HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN S. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Emory Decatur Hospital
2701 North Decatur Rd.
Decatur, GA  30033

ATTN:  Medical and billing Records Custodian

Re:   Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
      U.S.D.C. for the Northern District of Georgia
      Civil Action File No. 1:21-cv-02472-TWT

      Your Patient:    **Messiah Young**
      Date of Birth:   May 15, 1998
      Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request...."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC


Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Piedmont Atlanta Hospital
1968 Peachtree Rd., NW
Atlanta, GA 30309

ATTN: Medical and billing Records Custodian

Re: <u>Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.</u>
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient: **Messiah Young**
Date of Birth: May 15, 1998
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request...."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

Records Custodian
August 18, 2022
Page 3

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc: Harold W. Spence
Mawuli M. Davis
Dianne Lee
R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▾

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Piedmont Atlanta Hospital
      1968 Peachtree Rd. NE
      Atlanta, GA  30309

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC<br>1809 Buford Hwy.<br>Buford, GA 3051 | Date and Time:<br>*See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _8\18\22_

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

# PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail

on *(date)*                                  , or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date: 8|18|22

Server's signature

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
Printed name and title
1809 Buford Hwy
Buford, GA 30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and             )
MESSIAH YOUNG,                  )
                                )
        Plaintiffs,             )
                                )
CITY OF ATLANTA, GEORGIA;       )       CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK      )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his   )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his  )
individual capacity; STEVEN     )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his        )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory   )
capacities,                     )
                                )
        Defendants.             )

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY PIEDMONT ATLANTA HOSPITAL

TO:   Piedmont   Atlanta   Hospital
      ATTN:  Medical and billing Records Custodian
      1968 Peachtree Rd., NW
      Atlanta, GA  30309

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY PIEDMONT ATLANTA HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
                )
    Plaintiffs, )
                )
CITY OF ATLANTA, GEORGIA; )     CIVIL ACTION
LONNIE HOOD, in his individual and )     FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
                )
    Defendants. )

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM: **Piedmont Atlanta Hospital**
       **(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Piedmont Atlanta Hospital as follows:

Please indicate the appropriate response below:

(　) Copies of the requested materials have been attached.

(　) The materials requested will be produced at the designated address.

(　) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**PIEDMONT ATLANTA HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Dr. Marcus Q. Polk
Georgia Pain and Spine Solutions
76 Highland Pavilion Ct., #133
Hiram, GA 30141

ATTN: Medical and billing Records Custodian

      Re:    Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
              U.S.D.C. for the Northern District of Georgia
              Civil Action File No. 1:21-cv-02472-TWT

              Your Patient:    **Taniyah Pilgrim**
              Date of Birth:    January 31, 2000
              Date of Incident: May 30, 2020

Dear Records Custodian:

      Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

      In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request…."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:     Harold W. Spence
        Mawuli M. Davis
        Dianne Lee
        R. David Ware
        Phillip E. Friduss
        Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▼

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Marcus Q. Polk
Georgia Pain and Spine Solutions
76 Highland Pavilion Ct., #133
Hiram, GA 30141 *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *see attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/18/22

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **\*See list below** , who issues or requests this subpoena, are:

Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552, thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail

on *(date)*                                                            , or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:  8\18\22

Server's Signature

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA  30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. MARCUS Q. POLK

TO:   Dr. Marcus Q. Polk
ATTN:  Medical and billing Records Custodian
Georgia Pain and Spine Solutions
76 Highland Pavilion Ct., #133
Hiram, GA  30141

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. MARCUS Q. POLK** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
       )
    Plaintiffs, )
       )
CITY OF ATLANTA, GEORGIA; )    CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
       )
    Defendants. )

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Dr. Marcus Q. Polk**
               **(Re: Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Dr. Marcus Q. Polk   as follows:

Please indicate the appropriate response below:

(    )  Copies of the requested materials have been attached.

(    )  The materials requested will be produced at the designated address.

(    )  The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**DR. MARCUS Q. POLK**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____

Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Dr. Andrew Francis
Atlanta Vinings Counseling Service
1326 Concord Rd. SE
Smyrna, GA 30080

ATTN: Medical and billing Records Custodian

Re:  Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient:  **Taniyah Pilgrim**
Date of Birth:  January 31, 2000
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request…."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records. We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

## for the

Northern District of Georgia    ▼

|  |  |  |
|---|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Dr. Andrew Francis
        Atlanta Vinings Counseling Service
        1326 Concord Rd. SE
        Smyrna, GA  30080     *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8\18\20

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail

on *(date)*                                      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                for travel and $                for services, for a total of $       0.00

I declare under penalty of perjury that this information is true.

Date:   8\18\22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA  30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
)
    Plaintiffs, )
)
CITY OF ATLANTA, GEORGIA; )    CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
)
    Defendants. )

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY DR. ANDREW FRANCIS

TO:   Dr. Andrew Francis
      ATTN: Medical and billing Records Custodian
      Atlanta Vinings Counseling Service
      1326 Concord Rd. SE
      Smyrna, GA 30080

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. ANDREW FRANCIS** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

**RESPONSE OF NON-PARTY TO**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

FROM:     **Dr. Andrew Francis**
              **(Re:  Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Dr. Andrew Francis as follows:

Please indicate the appropriate response below:

( ) Copies of the requested materials have been attached.

( ) The materials requested will be produced at the designated address.

( ) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**DR. ANDREW FRANCIS**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Dr. Said Elshihabi
Legacy Brain and Spine
718 Cherokee St. NE
Marietta, GA 30060

ATTN: Medical and billing Records Custodian

Re:     Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
        U.S.D.C. for the Northern District of Georgia
        Civil Action File No. 1:21-cv-02472-TWT

        Your Patient:      **Taniyah Pilgrim**
        Date of Birth:     January 31, 2000
        Date of Incident:  May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request…."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:     Harold W. Spence
        Mawuli M. Davis
        Dianne Lee
        R. David Ware
        Phillip E. Friduss
        Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia  ▾

TANIYAH PILGRIM AND MESSIAH YOUNG
|  )
*Plaintiff* | )
| )
v. | )  Civil Action No.  1:21-cv-02472-TWT
| )
CITY OF ATLANTA, GEORGIA, ET AL. | )
| )
*Defendant* | )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. Said Elshihabi
Legacy Brain and Spine
718 Cherokee St. NE
Marietta, GA 30060      *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *see attached request* |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  8\18\22

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**                            , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**\*** Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      I received this subpoena for *(name of individual and title, if any)*

on *(date)*

      ☑ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail

                                        on *(date)*        ; or

      ☐ I returned the subpoena unexecuted because:

      Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

      $

My fees are $            for travel and $          for services, for a total of $     0.00

      I declare under penalty of perjury that this information is true.

Date:  8|18|22

                                      *Server's signature*

                                  Thomas M. Mitchell, Attorney
                               *Printed name and title*
                                  Carothers & Mitchell, LLC
                                  1809 Buford Hwy
                                  Buford, GA 30518

                                  *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY DR. SAID ELSHIHABI

TO:   Dr. Said Elshihabi
      ATTN: Medical and billing Records Custodian
      Legacy Brain and Spine
      718 Cherokee St. NE
      Marietta, GA  30060

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. SAID ELSHIHABI** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM: **Dr. Said Elshihabi**
        **(Re: Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Dr. Said Elshihabi as follows:

Please indicate the appropriate response below:

( ) Copies of the requested materials have been attached.

( ) The materials requested will be produced at the designated address.

( ) The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**DR. SAID ELSHIHABI**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____

Notary Public

My Commission Expires: _____

CAROTHERS & MITCHELL, LLC

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Dr. James Waddell
Dr. RJ Burton
Charles Williams, Jr., MPT
Lance Wheeler, PTA, MHA
Precision Injury Care
555 Old Norcross Rd., Suite 210
Lawrenceville, GA 30046

ATTN:  Medical and billing Records Custodian

Re: Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient:    **Taniyah Pilgrim**
Date of Birth:   January 31, 2000
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient.  Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that Dr. James Waddell

reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request.... Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:   Harold W. Spence
      Mawuli M. Davis
      Dianne Lee
      R. David Ware
      Phillip E. Friduss
      Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▾

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Dr. James Waddell, et al.
Precision Injury Care
555 Old Norcross Rd., Suite 210
Lawrenceville, GA  30046*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *see attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/18/22

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                                      , or

❐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                                .

My fees are $                    for travel and $                    for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: 8\18\22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA 30518
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

### (c) Place of Compliance.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

| | |
|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTIES DR. JAMES WADDELL, DR. RJ BURTON,
## CHARLES WILLIAMS, JR., and LANCE WHEELER, PTA, MHA

TO:   Dr. Andrew Francis
      Dr. RJ Burton
      Charles Williams, Jr., MPT
      Lance Wheeler, PTA, MHA
      ATTN:  Medical and billing Records Custodian
      Atlanta Vinings Counseling Service
      1326 Concord Rd. SE
      Smyrna, GA 30080

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 17th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTIES DR. RJ BURTON, CHARLES WILLIAMS, JR., MPT, and LANCE WHEELER, PTA, MHA** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:   **Dr. James Waddell, et al.**
          **(Re:  Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Dr. James Waddell, et al. as follows:

Please indicate the appropriate response below:

(　) Copies of the requested materials have been attached.

(　) The materials requested will be produced at the designated address.

(　) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**DR. JAMES WADDELL, ET AL.**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Grady Memorial Hospital
80 Jesse Hill Jr. Dr. SE
Atlanta, GA 30303

ATTN: Medical and billing Records Custodian

Re:  Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient: **Taniyah Pilgrim**
Date of Birth: January 31, 2000
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request....

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the

protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:     Harold W. Spence
        Mawuli M. Davis
        Dianne Lee
        R. David Ware
        Phillip E. Friduss
        Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

## for the

### Northern District of Georgia ▢▼

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Grady Memorial Hospital
        80 Jesse Hill Jr. Dr. SE
        Atlanta, GA  30303
        *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8|18|22

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**                                                                 , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552, thomas.mitchell@carmitch.com

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:   Certified Mail

on *(date)*                                      ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:  8|18|22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA  30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA; | ) | CIVIL ACTION |
| LONNIE HOOD, in his individual and | ) | FILE NO. 1:21-cv-02472-TWT |
| supervisory capacity; MARK | ) | |
| GARDNER, in his individual capacity; | ) | |
| IVORY STREETER, in his individual | ) | |
| capacity; ARMON JONES, in his | ) | |
| individual capacity; WILLIE T. SAULS, | ) | |
| JR., in his individual capacity; | ) | |
| ROLAND CLAUD, in his individual | ) | |
| Capacity; CARLOS SMITH, in his | ) | |
| individual capacity; STEVEN | ) | |
| MCKESEY, in his individual capacity; | ) | |
| SHELDON DRINKARD, in his | ) | |
| individual capacity; and JOHN DOE | ) | |
| OFFICERS 1-10, in their respective | ) | |
| individual and/or supervisory | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY GRADY MEMORIAL HOSPITAL

TO:   Grady   Memorial   Hospital
      ATTN:  Medical and billing Records Custodian
      80 Jesse Hill Jr. Dr.
      Atlanta, GA  30303

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' NON-PARTY REQUEST FOR PRODUCTION OF DOCUMENTS TO GRADY MEMORIAL HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 17th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>  Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Grady Memorial Hospital**
         **(Re:  Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Grady Memorial Hospital as follows:

Please indicate the appropriate response below:

( ) Copies of the requested materials have been attached.

( ) The materials requested will be produced at the designated address.

( ) The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**GRADY MEMORIAL HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____

Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Grady Memorial Hospital
80 Jesse Hill Jr. Dr. SE
Decatur, GA  30303

ATTN:  Medical and billing Records Custodian

Re:  Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient:  **Messiah Young**
Date of Birth:  May 15, 1998
Date of Incident:  May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request….

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia  ▼

TANIYAH PILGRIM AND MESSIAH YOUNG

*Plaintiff*

v.

CITY OF ATLANTA, GEORGIA, ET AL.

*Defendant*

)
)
)
)
)
)

Civil Action No.  1:21-cv-02472-TWT

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Grady Memorial Hospital
      80 Jesse Hill Jr. Dr. SE.
      Decatur, GA  30303

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place:  Carothers & Mitchell, LLC | Date and Time: |
|---|---|
| 1809 Buford Hwy. | *see attached request* |
| Buford, GA  3051 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  8\16\22

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**                                                      , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones**

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                    , or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                for travel and $                for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:    8/18/22

_____
*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA 30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and
MESSIAH YOUNG,

    Plaintiffs,

CITY OF ATLANTA, GEORGIA;
LONNIE HOOD, in his individual and
supervisory capacity; MARK
GARDNER, in his individual capacity;
IVORY STREETER, in his individual
capacity; ARMON JONES, in his
individual capacity; WILLIE T. SAULS,
JR., in his individual capacity;
ROLAND CLAUD, in his individual
Capacity; CARLOS SMITH, in his
individual capacity; STEVEN
MCKESEY, in his individual capacity;
SHELDON DRINKARD, in his
individual capacity; and JOHN DOE
OFFICERS 1-10, in their respective
individual and/or supervisory
capacities,

    Defendants.

CIVIL ACTION
FILE NO. 1:21-cv-02472-TWT

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY GRADY MEMORIAL HOSPITAL

TO:   Grady  Memorial  Hospital
       ATTN:  Medical and billing Records Custodian
       80 Jesse Hill Jr. Dr. SE
       Decatur, GA 30303

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY GRADY MEMORIAL HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
)
    Plaintiffs, )
)
CITY OF ATLANTA, GEORGIA; )    CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
)
    Defendants. )

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Grady Memorial Hospital**
             **(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Grady Memorial Hospital as follows:

Please indicate the appropriate response below:

(   ) Copies of the requested materials have been attached.

(   ) The materials requested will be produced at the designated address.

(   ) The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**GRADY MEMORIAL HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Dr. Gregory Lunceford
Atlanta Internal Medicine and Psychiatric Care
3915 Cascade Rd. SW
Atlanta, GA 30331-7239

ATTN: Medical and billing Records Custodian

Re:  Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient: **Taniyah Pilgrim**
Date of Birth: January 31, 2000
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request….

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▾

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr. Gregory Lunceford
Atlanta Internal Medicine and Psychiatric Care
3915 Cascade Rd. SW
Atlanta, GA 30331-7239 *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/18/22

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

# PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*                          .

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                          , or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                    for travel and $                    for services, for a total of $          0.00

I declare under penalty of perjury that this information is true.

Date: 8|18|22

_____
*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA 30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and MESSIAH YOUNG, | ) ) ) | |
| Plaintiffs, | ) ) | |
| CITY OF ATLANTA, GEORGIA; LONNIE HOOD, in his individual and supervisory capacity; MARK GARDNER, in his individual capacity; IVORY STREETER, in his individual capacity; ARMON JONES, in his individual capacity; WILLIE T. SAULS, JR., in his individual capacity; ROLAND CLAUD, in his individual Capacity; CARLOS SMITH, in his individual capacity; STEVEN MCKESEY, in his individual capacity; SHELDON DRINKARD, in his individual capacity; and JOHN DOE OFFICERS 1-10, in their respective individual and/or supervisory capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. GREGORY LUNCEFORD

TO:   Dr. Gregory Lunceford
ATTN:  Medical and billing Records Custodian
Atlanta Internal Medicine and Psychiatric Care
3915 Cascade Rd. SW
Atlanta, GA 30331-7239

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DR. GREGORY LUNCEFORD** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Dr. Gregory Lunceford**
           **(Re:  Taniyah Pilgrim)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Dr. Gregory Lunceford as follows:

Please indicate the appropriate response below:

(   ) Copies of the requested materials have been attached.

(   ) The materials requested will be produced at the designated address.

(   ) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This, the ___day of_____, 2022.

**DR. GREGORY LUNCEFORD**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC

## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Emory Decatur Hospital
2701 North Decatur Rd.
Decatur, GA 30033

ATTN: Medical and billing Records Custodian

Re:    Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient:    **Taniyah Pilgrim**
Date of Birth:    January 31, 2000
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request….

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ☑

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Emory Decatur Hospital
        2701 North Decatur Rd.
        Decatur, GA 30033

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC | Date and Time: |
|---|---|
| 1809 Buford Hwy. | *See attached request* |
| Buford, GA 3051 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8\18\22

| CLERK OF COURT | |
|---|---|
| _____ | OR _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**
, who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:  Certified Mail

on *(date)*                          , or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                for travel and $                for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:  8\18\22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA  30518

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

## <u>DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS</u>
## <u>TO NON-PARTY EMORY DECATUR HOSPITAL</u>

TO:   Emory   Decatur   Hospital
        ATTN: Medical and billing Records Custodian
        2701 North Decatur Rd.
        Decatur, GA  30033

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **TANIYAH PIGRIM,** Date of Birth: January 31, 2000.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **TANIYAH PILGRIM,** Date of Birth: January 31, 2000.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY EMORY DECATUR HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Emory Decatur Hospital**
         **(Re:  Messiah  Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Emory Decatur Hospital as follows:

Please indicate the appropriate response below:

( ) Copies of the requested materials have been attached.

( ) The materials requested will be produced at the designated address.

( ) The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____ , who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**EMORY DECATUR HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Emory Decatur Hospital
2701 North Decatur Rd.
Decatur, GA 30033

ATTN: Medical and billing Records Custodian

Re: Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient: **Messiah Young**
Date of Birth: May 15, 1998
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request...."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

### for the

Northern District of Georgia ▾

| | | |
|---|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) | |
| *Plaintiff* | ) | Civil Action No. 1:21-cv-02472-TWT |
| v. | ) | |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Emory Decatur Hospital
2701 North Decatur Rd.
Decatur, GA 30033

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| | |
|---|---|
| Place: Carothers & Mitchell, LLC<br>1809 Buford Hwy.<br>Buford, GA 3051 | Date and Time:<br>*See attached request* |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/18/22

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:  Certified Mail

on *(date)*       ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $       for travel and $       for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date: 8/18/22

_____
*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA 30518
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
)
    Plaintiffs, )
)
CITY OF ATLANTA, GEORGIA; )    CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
)
    Defendants. )

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY EMORY DECATUR HOSPITAL

TO:   Emory   Decatur   Hospital
      ATTN: Medical and billing Records Custodian
      2701 North Decatur Rd.
      Decatur, GA 30033

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY EMORY DECATUR HOSPITAL** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities, | ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## RESPONSE OF NON-PARTY TO
## REQUEST FOR PRODUCTION OF DOCUMENTS

FROM:    **Emory Decatur Hospital**
         **(Re:  Messiah  Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Emory Decatur Hospital as follows:

Please indicate the appropriate response below:

(　　) Copies of the requested materials have been attached.

(　　) The materials requested will be produced at the designated address.

(　　) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**EMORY DECATUR HOSPITAL**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Visionary Minds, Inc.
160 Clairemont Ave., Suite 200
Decatur, GA 30030

ATTN: Medical and billing Records Custodian

Re: <u>Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.</u>
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient: **Messiah Young**
Date of Birth: May 15, 1998
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request....

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
        Mawuli M. Davis
        Dianne Lee
        R. David Ware
        Phillip E. Friduss
        Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▼

| | | |
|---|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Visionary Minds, Inc.
160 Clairemont Ave., Suite 200
Decatur, GA 30030

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/18/22

| CLERK OF COURT | | |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | OR | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:

Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                                        ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                     for travel and $                   for services, for a total of $          0.00

I declare under penalty of perjury that this information is true.

Date:  8/18/22

*Server's signature*

Thomas M. Mitchell, Attorney
*Printed name and title*
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA  30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities, | ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY VISIONARY MINDS, INC.

TO:   Visionary   Minds,   Inc.,
       ATTN:  Medical and billing Records Custodian
       160 Clairemont Ave., Suite 200
       Decatur, GA  30030

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY VISIONARY MINDS, INC.** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA  30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA  30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA  30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA; | ) | CIVIL ACTION |
| LONNIE HOOD, in his individual and | ) | FILE NO. 1:21-cv-02472-TWT |
| supervisory capacity; MARK | ) | |
| GARDNER, in his individual capacity; | ) | |
| IVORY STREETER, in his individual | ) | |
| capacity; ARMON JONES, in his | ) | |
| individual capacity; WILLIE T. SAULS, | ) | |
| JR., in his individual capacity; | ) | |
| ROLAND CLAUD, in his individual | ) | |
| Capacity; CARLOS SMITH, in his | ) | |
| individual capacity; STEVEN | ) | |
| MCKESEY, in his individual capacity; | ) | |
| SHELDON DRINKARD, in his | ) | |
| individual capacity; and JOHN DOE | ) | |
| OFFICERS 1-10, in their respective | ) | |
| individual and/or supervisory | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE OF NON-PARTY TO
REQUEST FOR PRODUCTION OF DOCUMENTS**

FROM: **Visionary Minds, Inc.**
**(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Visionary Minds, Inc. as follows:

Please indicate the appropriate response below:

(   ) Copies of the requested materials have been attached.

(   ) The materials requested will be produced at the designated address.

(   ) The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**VISIONARY MINDS, INC.**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC

## ATTORNEYS AT LAW

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

DeKalb Neurology Group, LLC
2665 N. Decatur Rd., Suite 540
Decatur, GA 30033

ATTN: Medical and billing Records Custodian

>       Re:     Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
>               U.S.D.C. for the Northern District of Georgia
>               Civil Action File No. 1:21-cv-02472-TWT
>
>               Your Patient:    **Messiah Young**
>               Date of Birth:   May 15, 1998
>               Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process.…" However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request.…

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia  ▾

|  |  |  |
|---|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: DeKalb Neurology Group
2665 North Decatur Rd.
Decatur, GA 30033

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC<br>1809 Buford Hwy.<br>Buford, GA 3054 | Date and Time: *See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8|18|22

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| | | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**
, who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\* Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*            .

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$            .

My fees are $            for travel and $            for services, for a total of $       0.00      .

I declare under penalty of perjury that this information is true.

Date:

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA 30518
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

    **(i)** is a party or a party's officer; or

    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;

    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

    **(iv)** subjects a person to undue burden.

  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    **(i)** expressly make the claim; and

    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities, | ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY DEKALB NEUROLOGY GROUP

TO:   DeKalb Neurology Group
ATTN:  Medical and billing Records Custodian
2665 N. Decatur Rd., Suite 540
Decatur, GA  30033

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY DEKALB NEUROLOGY GROUP, LLC** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and           )
MESSIAH YOUNG,                )
                             )
    Plaintiffs,            )
                             )
CITY OF ATLANTA, GEORGIA;     )          CIVIL ACTION
LONNIE HOOD, in his individual and )     FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK    )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN   )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his      )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities,                   )
                             )
    Defendants.            )

**RESPONSE OF NON-PARTY TO**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

FROM:    **DeKalb Neurology Group, LLC**
            **(Re: Messiah Young)**

COMES NOW, _____ _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to DeKalb Neurology Group, LLC   as follows:

Please indicate the appropriate response below:

(    )  Copies of the requested materials have been attached.

(    )  The materials requested will be produced at the designated address.

(    )  The materials requested do not exist.

## AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**DEKALB NEUROLOGY GROUP, LLC**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC

### ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

American Health Imaging
2200 Century Pkwy., NE, Suite 600
Atlanta, GA 30345

ATTN: Medical and billing Records Custodian

Re:   Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
      U.S.D.C. for the Northern District of Georgia
      Civil Action File No. 1:21-cv-02472-TWT

      Your Patient:    **Messiah Young**
      Date of Birth:   May 15, 1998
      Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "… subpoena, discovery request, or other lawful process…." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "… covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request…."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney.  Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:     Harold W. Spence
        Mawuli M. Davis
        Dianne Lee
        R. David Ware
        Phillip E. Friduss
        Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia  ▾

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     American Health Imaging
        2200 Century Pkwy., NE, Suite 600
        Atlanta, GA 30345

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC<br>1809 Buford Hwy.<br>Buford, GA 3051 | Date and Time:<br>*See attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below**                                    , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\* Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud
Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail

on *(date)*                                    ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                     for travel and $                     for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:  8|18|22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
1809 Buford Hwy
Buford, GA 30518

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and )
MESSIAH YOUNG, )
                                     )
    Plaintiffs, )
                                       )
CITY OF ATLANTA, GEORGIA; ) CIVIL ACTION
LONNIE HOOD, in his individual and ) FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory )
capacities, )
                                       )
    Defendants. )

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY AMERICAN HEALTH IMAGING

TO:    American   Health   Imaging
        ATTN: Medical and billing Records Custodian
        2200 Century Pkwy., NE, Suite 600
        Atlanta, GA 30345

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY AMERICAN HEALTH IMAGING** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA 30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA 30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

**RESPONSE OF NON-PARTY TO
REQUEST FOR PRODUCTION OF DOCUMENTS**

FROM:    **American Health Imaging
(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to American Health Imaging as follows:

Please indicate the appropriate response below:

(   ) Copies of the requested materials have been attached.

(   ) The materials requested will be produced at the designated address.

(   ) The materials requested do not exist.

**AFFIDAVIT**

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____ , who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____ , 2022.

**AMERICAN HEALTH IMAGING**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____ , 2022.

_____
Notary Public

My Commission Expires: _____

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
E. RONALD BENNETT, JR.
ANGELA C. COUCH
KAREN G. THOMAS
BRIAN R. DEMPSEY

# CAROTHERS & MITCHELL, LLC

### ATTORNEYS AT LAW

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
WWW.CARMITCH.COM

1809 BUFORD HIGHWAY
BUFORD, GEORGIA 30518

OF COUNSEL:
ELAINE C. SEYMOUR

WRITER'S EMAIL: THOMAS.MITCHELL@CARMITCH.COM
WRITER'S DIRECT DIAL: (678)730-0433

August 18, 2022

Georgia Pain and Spine Solutions
76 Highland Pavilion Court, Suite 133
Hiram, GA 30141

ATTN: Medical and billing Records Custodian

Re:    Taniyah Pilgrim and Messiah Young v. City of Atlanta, Georgia, et al.
U.S.D.C. for the Northern District of Georgia
Civil Action File No. 1:21-cv-02472-TWT

Your Patient:   **Messiah Young**
Date of Birth:   May 15, 1998
Date of Incident: May 30, 2020

Dear Records Custodian:

Regulations (hereinafter C.F.R.) title 45 §164.512(e) expressly permits covered health care entities to disclose protected health information pursuant to certain judicial or administrative proceedings.

In these specific situations, C.F.R. 45 §164.512(e)(1)(ii) contemplates the release of protected health information without a court order or a release signed by the patient, pursuant to a "... subpoena, discovery request, or other lawful process...." However, this release of protected information is not without protection for the patient. Subsection (A) of this provision provides that such a release is authorized where a "... covered entity receives satisfactory assurance, as described in paragraph (e)(1)(ii) of this section, from the party seeking the information that reasonable efforts have been made by such a party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request...."

Paragraph (e)(1)(ii) requires that: (A) a good faith attempt at notice be given by the party seeking the information to the protected party; (B) the notice to the protected party adequately informs that party about the litigation in which the protected information is sought; and (C) when the time for the protected party to object to the court has passed or such issues have been resolved by the court. *See* C.F.R. 45 §164.512(e)(1)(ii). The Federal Rules of Civil Procedure provide that a party to litigation has 14 days to object to a non-party request for production. *See* Fed. R. Civ. P. 45. Therefore, if the protected party has not made a formal objection to the request for production within that 14-day period, they waive any claim against the covered health care entity. *Id.*

With respect to the request for production that is at issue, all of the requirements set out in HIPAA and the Federal Rules of Civil Procedure are met. First, the protected party was given actual notice of the request because plaintiff's attorney of record was served with a "certificate of service." Second, the protected party was adequately informed about the litigation in which the protected information is sought because a suit was filed alleging injuries, placing all of the plaintiff's health care at issue. Third, after 14 days have passed from the date on which the certificate of service was made upon the protected party's designated representative, no impediment will exist to the disclosure of the requested material.

Be advised that if you fail to comply with this request, a motion to compel may be filed that will seek reimbursement of the expenses incurred by any refusal to comply with Georgia law and C.F.R. 45 §164.512(e)(1)(ii). Please govern your actions accordingly and seek the advice of competent counsel so that any unnecessary expense and delay may be avoided.

The documents which are being requested are specifically enumerated in the request for production of documents. Unless otherwise stated therein, the entire file is to be produced without any omissions whatsoever. This request covers production of all reports used in the diagnosis and treatment of the patient including: all reports or information submitted to any other doctors; all reports or information prepared by any other doctors; and all billing records. You are not being asked to prepare a report but are being asked to copy the treatment and billing records.

We will promptly pay your reasonable copying costs upon receipt of the documents and your fully executed verification. If you prefer, however, please notify our offices of the amount of those copying costs, and we will send you a check. Please do not prepare any special reports, summaries or transcriptions, other than those which are already contained in the file.

Nothing in this letter shall be deemed legal advice. Should you have any questions regarding the law applicable to the response to the enclosed request, please seek the advice of your

attorney. Should you have any questions regarding this request, please feel free to call me at your convenience. If not, we look forward to receiving your response within the time required by law.

Very truly yours,

CAROTHERS & MITCHELL, LLC

Thomas M. Mitchell

TMM/smi
Enclosures
cc:    Harold W. Spence
       Mawuli M. Davis
       Dianne Lee
       R. David Ware
       Phillip E. Friduss
       Nicholas A. Kinsley

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia ▾

| | |
|---|---|
| TANIYAH PILGRIM AND MESSIAH YOUNG | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:21-cv-02472-TWT |
| CITY OF ATLANTA, GEORGIA, ET AL. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Georgia Pain and Spine Solutions
76 Highland Pavilion Court, Suite 133
Hiram, GA 30141

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Any and all insurance records, medical, radiology, diagnostic studies, photos, reports, orders and billing records pertaining to the patient.

| Place: Carothers & Mitchell, LLC 1809 Buford Hwy. Buford, GA 3051 | Date and Time: *see attached request* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
| | OR _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
**\*See list below** , who issues or requests this subpoena, are:
Thomas Mitchell, Carothers & Mitchell, LLC, 1809 Buford Hwy., Buford, GA 30519, 770-932-3552,
thomas.mitchell@carmitch.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

\*Lonnie Hood, Mark Gardner, Ivory Streeter, Willie Sauls, Jr., Roland Claud Carlos Smith, Steven McKesey, Sheldon Drinkard and Armon Jones

Civil Action No. 1:21-cv-02472-TWT

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☑ I served the subpoena by delivering a copy to the named person as follows:  Certified Mail

on *(date)*  ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $  for travel and $  for services, for a total of $  0.00

I declare under penalty of perjury that this information is true.

Date: 8/18/22

*Server's signature*

Thomas M. Mitchell, Attorney
Carothers & Mitchell, LLC
*Printed name and title*
1809 Buford Hwy
Buford, GA 30518

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TANIYAH PILGRIM and            )
MESSIAH YOUNG,                 )
                               )
    Plaintiffs,              )
                               )
CITY OF ATLANTA, GEORGIA;      )        CIVIL ACTION
LONNIE HOOD, in his individual and )    FILE NO. 1:21-cv-02472-TWT
supervisory capacity; MARK     )
GARDNER, in his individual capacity; )
IVORY STREETER, in his individual )
capacity; ARMON JONES, in his  )
individual capacity; WILLIE T. SAULS, )
JR., in his individual capacity; )
ROLAND CLAUD, in his individual )
Capacity; CARLOS SMITH, in his )
individual capacity; STEVEN    )
MCKESEY, in his individual capacity; )
SHELDON DRINKARD, in his       )
individual capacity; and JOHN DOE )
OFFICERS 1-10, in their respective )
individual and/or supervisory  )
capacities,                    )
                               )
    Defendants.              )

## DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS
## TO NON-PARTY GEORGIA PAIN AND SPINE SOLUTIONS

TO:   Georgia   Pain   and   Spine   Solutions
       ATTN:  Medical and billing Records Custodian
       76 Highland Pavilion Court, Suite 133
       Hiram, GA 30141

Pursuant to Federal Rules of Civil Procedure 34 and 45, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and its implementing regulations, Defendants, through counsel, hereby request disclosure by you of the following information:

1.

Copies of your complete file, including but not limited to each and every medical record (whether prepared by or reviewed by you), bills, invoices, reports, correspondence, office notes, patient information forms, referral, x-ray files and/or reports, treatment plans, prescriptions, diagnoses, projections, and/or writing of any kind or nature pertaining to, or in any way connected with **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

2.

Copies of any and all x-ray files, CT or MRI films, or other diagnostic films of any kind or nature pertaining to **MESSIAH YOUNG,** Date of Birth: May 15, 1998.

Please do not disclose the requested information sooner than fourteen (14) days from the date of mailing of this request in order to afford any party, or yourself, the opportunity to object to this request if desired. If no objection is filed within fourteen (14) days from the date of mailing of this request, the above

referenced statute and HIPAA permits you to promptly comply with this request and disclose the requested information.

You may disclose the information requested above by any of the following methods: (1) by forwarding true and correct CERTIFIED copies of all requested materials to Thomas M. Mitchell, Carothers & Mitchell, LLC, 1809 Buford Highway, Buford, Georgia 30518 within thirty (30) days after service of this requests; (2) by presenting all requested materials to the offices of Carothers & Mitchell, LLC, at the above address, for inspection and copying within thirty (30) days after service of this Request; and/ or (3) through any other method of disclosure provided for by law and agreed to by your office and counsel for Defendants.

Respectfully submitted this 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

RICHARD A. CAROTHERS
Georgia Bar No. 111075
THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Attorneys for Defendants
Lonnie Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552
(770) 932-6348 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served all counsel and unrepresented parties in the foregoing action with a true and correct copy of **DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS TO NON-PARTY GEORGIA PAIN AND SPINE SOLUTIONS** by depositing a copy of same in the United States mail in a properly addressed envelope with adequate postage thereon and via statutory electronic service to the following attorneys of record:

Harold W. Spence
Mawuli M. Davis
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA  30034

Dianne Lee
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd.
Suite 700
Atlanta, GA  30308

L. Chris Stewart
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA  3308

R. David Ware
Phillip E. Friduss
Nicholas A. Kinsley
Pearson K. Cunningham
Hall Booth Smith, P.C.
191 Peachtree Street, NE, Suite 2900
Atlanta, GA  30303

This 18th day of August, 2022.

CAROTHERS & MITCHELL, LLC

*/s/ Thomas M. Mitchell*

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants Lonnie
Hood, Mark Gardner, Ivory Streeter,
Armon Jones, Willie T. Sauls, Jr., Roland
Claud, Carlos Smith, Steven McKesey, and
Sheldon Drinkard

1809 Buford Highway
Buford, GA 30518
(770) 932-3552

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>LONNIE HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities,<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br>FILE NO. 1:21-cv-02472-TWT |

**RESPONSE OF NON-PARTY TO
REQUEST FOR PRODUCTION OF DOCUMENTS**

FROM:   **Georgia Pain and Spine Solutions
(Re: Messiah Young)**

COMES NOW, _____, and responds

to Defendants' Request for Production of Documents to Non-Party served pursuant

to Georgia Pain and Spine Solutions as follows:

Please indicate the appropriate response below:

(    ) Copies of the requested materials have been attached.

(    ) The materials requested will be produced at the designated address.

(    ) The materials requested do not exist.

# AFFIDAVIT

Personally appeared before me, the undersigned officer duly authorized to administer oaths, _____, who upon being duly sworn states that he/she is the custodian of these records and that the copies attached hereto are true and correct copies and that there are _____ pages that have been attached and constitute the entire file materials requested. The enclosed documents are records of acts, events, conditions, opinions or diagnoses made at or near the time by, or from information transmitted by, a person with knowledge. The enclosed documents are kept in the course of regularly conducted business, and it is a regular business practice to make such records.

This the _____ day of _____, 2022.

**GEORGIA PAIN AND SPINE SOLUTIONS**

BY: _____

TITLE: _____

PRINT NAME: _____

Sworn to and subscribed before me, this

_____ day of _____, 2022.

_____
Notary Public

My Commission Expires: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TANIYAH PILGRIM and<br>MESSIAH YOUNG,<br><br>    Plaintiffs,<br><br>CITY OF ATLANTA, GEORGIA;<br>KEISHA LANCE BOTTOMS, in her<br>individual and official capacity as the<br>Mayor of the City of Atlanta; LONNIE<br>HOOD, in his individual and<br>supervisory capacity; MARK<br>GARDNER, in his individual capacity;<br>IVORY STREETER, in his individual<br>capacity; ARMON JONES, in his<br>individual capacity; WILLIE T. SAULS,<br>JR., in his individual capacity;<br>ROLAND CLAUD, in his individual<br>Capacity; CARLOS SMITH, in his<br>individual capacity; STEVEN<br>MCKESEY, in his individual capacity;<br>SHELDON DRINKARD, in his<br>individual capacity; and JOHN DOE<br>OFFICERS 1-10, in their respective<br>individual and/or supervisory<br>capacities<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 1:21-cv-02472-TWT |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**DEFENDANTS' NOTICE OF INTENT TO SERVE SUBPOENAS TO**

**PRODUCE DOCUMENTS IN A CIVIL ACTION** to the Clerk of Court using the

CM/ECF system which will automatically send electronic mail notification of such

filing to counsel of record who are CM/ECF participants. Counsel of record are:

Harold W. Spence, Esq.
Mawuli M. Davis, Esq.
Davis Bozeman Law Firm, P.C.
4153 – C Flat Shoals Parkway, Suite 332
Decatur, GA 30034

L. Chris Stewart, Esq.
Stewart Miller Simmons
55 Ivan Allen Jr. Blvd., Suite 700
Atlanta, GA 3308

This 19th day of August, 2022.

CAROTHERS & MITCHELL, LLC

/s/ Thomas M. Mitchell

THOMAS M. MITCHELL
Georgia Bar No. 513597
Attorneys for Defendants

1809 Buford Highway
Buford, GA 30518
T: (770) 932-3552