IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TANIYAH PILGRIM, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>CITY OF ATLANTA, GEORGIA, et al.,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 1:21-CV-2472-TWT |

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Defendant City of Atlanta's Partial Motion to Dismiss the First Amended Complaint [Doc. 177] and its Partial Motion to Dismiss the Second Amended Complaint [Doc. 197]. For the reasons set forth below, the City's Partial Motion to Dismiss the First Amended Complaint [Doc. 177] is DENIED as moot, and its Partial Motion to Dismiss the Second Amended Complaint [Doc. 197] is GRANTED.

### I.   Background[1]

This case arises out of the protests in Atlanta following the murder of George Floyd. At 5:17 p.m. on May 30, 2020, then-Mayor of Atlanta Keisha Lance Bottoms issued Executive Order 2020-9, which declared an emergency and established a city-wide curfew beginning at 9:00 p.m. (Second Am. Compl. ¶ 28). Shortly before the curfew took effect, APD officers began directing all

---

[1] The Court accepts the facts as alleged in the Second Amended Complaint as true for purposes of the present Partial Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

vehicle traffic around Centennial Olympic Park, which resulted in heavy traffic conditions. (*Id.* ¶ 34). Caught in this traffic were the Plaintiffs Taniyah Pilgrim and Messiah Young, who were driving home after the curfew went into effect. (*Id.* ¶ 35). As the Plaintiffs waited in traffic, Young, who was driving the car, allegedly observed an APD officer using force against a citizen and began filming the encounter. (*Id.* ¶ 39–43). Soon thereafter, an APD officer allegedly ordered Young to move on and leave the scene. (*Id.* ¶ 45). The Plaintiffs allege that after Young complied with the directive, a group of APD officers surrounded the car, violently pulled the Plaintiffs from the vehicle, tased them, and placed them under arrest. (*Id.* ¶¶ 55–78).

In their Second Amended Complaint, the Plaintiffs bring several constitutional and state law claims against the officers present at the scene, the Former Atlanta Chief of Police Erika Shields, and the City of Atlanta. In Count VI, the Plaintiffs allege that, on the night of the incident, Chief Shields instated an unconstitutional arrest policy that "gave all APD officers unfettered discretion and authority to arbitrarily arrest any person they encountered in public during the curfew hours." (*Id.* ¶ 143). The City now seeks dismissal of Count VI for failure to state a claim.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may

survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

The Defendant City of Atlanta moves to dismiss the § 1983 claim against it that challenges its allegedly unconstitutional arrest policy instated after the 9:00 p.m. curfew on the evening of the George Floyd protest at issue. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1–2). The City claims that the Plaintiffs fail to state a § 1983 claim because they were not arrested for a curfew violation but rather for eluding police and resisting arrest. (*Id.* at 7–8). Absent such a

survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994–95 (11th Cir. 1983); *see also Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### III.   Discussion

The Defendant City of Atlanta moves to dismiss the § 1983 claim against it that challenges its allegedly unconstitutional arrest policy instated after the 9:00 p.m. curfew on the evening of the George Floyd protest at issue. (Br. in Supp. of Def.'s Mot. to Dismiss, at 1–2). The City claims that the Plaintiffs fail to state a § 1983 claim because they were not arrested for a curfew violation but rather for eluding police and resisting arrest. (*Id.* at 7–8). Absent such a

causal connection between the contested arrest policy and the Plaintiffs' arrests, the City claims that the Plaintiffs lack standing to challenge the policy. (*Id.* at 9–10 (citing *Turner v. Homestead Police Dep't*, 828 F. App'x 541, 546–47 (11th Cir. 2020))). The City also contends that its alleged arrest policy did not unconstitutionally ignore probable cause requirements because probable cause existed to arrest anyone in public within the city limits after the curfew. (Pls.' Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 10–11).

In response, the Plaintiffs claim that they need not allege that they were arrested for a curfew violation to state a plausible § 1983 claim against the City. (Pls.' Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 3). Rather, they argue that Chief Shields "implemented a facially unconstitutional arrest policy which expressly authorized and gave all APD officers unfettered discretion and authority to arbitrarily arrest any person they encountered in public during the curfew hours referenced in Executive Order 2020-92 for any reason including biased and/or discriminatory reasons, without a warrant, without individualized probable cause, without fair notice, and regardless of any particular person's conduct." (*Id.* at 4 (quoting Second Am. Compl. ¶ 143)). They clarify their position that "the City's official policy was unconstitutional because it instructed APD officers 'to arrest anyone present after the curfew time of 9:00 p.m., even without probable cause,' not because said policy directed officers to make arrests for a 'curfew violation' during the curfew hours." (*Id.*). The Plaintiffs also contend that the City's arrest policy was unconstitutional

4

because it instructed officers to make warrantless arrests without particularized probable cause. (*Id.* at 6–10 (citing *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979))). They emphasize that their mere presence in public after curfew was not prohibited by law because the Mayor's executive order required a willful and knowing violation of the curfew. (*Id.* at 8).

Under Eleventh Circuit precedent, "[i]t is not sufficient for a government body's policy to be tangentially related to a constitutional deprivation." *Cuesta v. Sch. Bd. of Miami-Dade Cnty., Fla.*, 285 F.3d 962, 967 (11th Cir. 2002). Rather, the "official policy or custom must be the moving force of the constitutional violation in order to establish liability of a government body under § 1983." *Id.* (citation omitted). Importantly, a plaintiff challenging municipal action "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Id.* (citation omitted); *see also Turner*, 828 F. App'x at 546–47 ("Typically, [p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." (alteration in original) (quotation marks and citation omitted)).

The Court concludes that the Plaintiffs have not pleaded a plausible § 1983 claim against the City in Count VI. Even if Chief Shields instructed APD officers to arrest individuals in public after curfew without regard for

whether the individual knowingly violated the curfew, the arresting officers in this case provided other reasons for arresting the Plaintiffs, such that the alleged arrest policy cannot be the moving force of their alleged constitutional violation. And even if the proffered reasons for the Plaintiffs' arrests were pretextual, such pretext would be grounds to contest the charges themselves, which were dismissed, but not to carry a plausible § 1983 claim.

The Plaintiffs largely rely on authority prohibiting warrantless arrests without probable cause in the individual Fourth Amendment context, rather than § 1983 cases challenging government policies as being unconstitutional. *See e.g.*, *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996). This tangent is telling. Perhaps if the Plaintiffs had indeed been arrested for curfew violations, the outcome here might be different. But because they were arrested for other conduct, the Court cannot conclude that the alleged arrest policy resulted in the constitutional violation that the Plaintiffs allegedly suffered. Accordingly, Count VI of the Second Amended Complaint should be dismissed.

### IV.   Conclusion

For the reasons set forth above, the Defendant City of Atlanta's Partial Motion to Dismiss the First Amended Complaint [Doc. 177] is DENIED as moot, and its Partial Motion to Dismiss the Second Amended Complaint [Doc. 197] is GRANTED.

SO ORDERED, this ___12th___ day of October, 2023.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
United States District Judge